LABARGE, Respondent, v. RENSHAW, Appellant.

1. A. and B. made an exchange of lands, each party agreeing to pay one-third of all taxes for the year assessed upon the land sold by him to the other, and two-thirds of the taxes assessed upon the land bought by him from the other. A. paid to B. the proportional share of the taxes agreed upon. B. did the same. Among the taxes assessed against the land sold by A. to B. was a railroad tax. This tax A. was by law exempted from paying by reason of his being a stockholder of a railroad company. He did not actually pay said tax, but, in his account with the collector, he was credited with the amount of the railroad tax by reason of his having previously paid his subscription of stock to an equal amount. At the time B. made his payment to A. of the agreed proportional share of the taxes, he did not know that A. was a stockholder and therefore exempt from paying the railroad tax, and that he had not actually paid it. *Held*, that B. was not entitled to recover back the two-thirds of the railroad tax paid by him to A.

*Appeal from St. Louis Law Commissioner's Court.*

This was an action to recover back $102.66 alleged to have been paid by plaintiff to defendant under a mistake of fact and induced by the fraudulent representations of defendant. The cause was tried by the court without a jury upon an agreed statement of the facts. The facts thus agreed upon are substantially as follows: Labarge, the plaintiff, and Renshaw, the defendant, on the 10th of May, 1855, made an exchange of lands. By instrument under seal it was agreed between the parties that the state, county, city and railroad taxes for the year 1855 should be apportioned between the parties as follows: "The said Renshaw shall pay one-third, and the said Labarge two-thirds, of the whole amount" of taxes assessed upon the land conveyed by Renshaw to Labarge. In like manner, it was agreed that Labarge should pay one-third, and Renshaw two-thirds of the whole amount of taxes, city, state, county and railroad, assessed upon the land conveyed by Labarge to Renshaw. The whole amount of taxes assessed upon the land conveyed by Renshaw to Labage was $363. This sum included $154 railroad tax. Renshaw, being one of the original stockholders of the Pacific Railroad and having paid up his subscription of stock, was

exempted by law from paying the said railroad tax of $154. He did not in fact pay said railroad tax of $154 or any part thereof. In his account with the tax collector, he was, however, credited with the payment of said tax, he not yet having had credit for the full amount subscribed by him. Labarge paid to Renshaw the agreed proportional share of the taxes, including two-thirds of said railroad tax of $154. Labarge did not know at the time of making this payment that Renshaw was a stockholder and had not actually paid the railroad tax. Renshaw, in compliance with the agreement above stated, paid to Labarge the agreed proportional share of the taxes—one-third of the taxes assessed upon the land sold by him to Labarge, and two-thirds of the taxes assessed upon that bought by him from Labarge. This action is brought to recover the sum of $102.66—two-thirds of said railroad tax of $154. The court found for the plaintiff.

*Biddlecome,* for appellant.

I. The plaintiff only complied with his agreement in paying two-thirds of the railroad tax. Renshaw, by owning stock, was in the position of one who had prepaid or advanced the tax. The appellant was liable for the taxes when the exchange of land was made. If he had not been a stockholder, he would have been entitled to the stock certificate under the provisions of the law. (Sess. Acts, 1853, p. 136, § 31.)

*Whittelsey,* for respondent.

I. The defendant did not actually pay the railroad tax, and therefore could not demand of plaintiff the two-thirds thereof. If the tax had been actually paid, the plaintiff would have been entitled to a certificate, which would have given him the amount he paid in stock of the company; but the defendant deprives him of this, keeps his own stock, and obtains $102.66 from the plaintiff without any consideration whatever.

SCOTT, Judge, delivered the opinion of the court.

We do not see on what ground the plaintiff can maintain this action. Suppose he recovers; on what principle will he be discharged from his contract with the defendant to pay the tax, the subject of this suit? If the defendant had refunded the money in controversy, would he not have had an immediate right to recover it on the contract by which the plaintiff bound himself to pay it? And if the plaintiff recovers in this suit, will not that right revive? If the defendant has injured or defrauded the plaintiff, let him sue and recover his damages. The only injury the plaintiff could have sustained, if any, was the loss of the stock to which the payment of the railroad tax would have entitled him. All that he could recover would be the value of that stock. But was the plaintiff entitled to any stock for the railroad tax paid on the Morrison property? That property was assessed as the defendant's; he was liable for the railroad tax by reason of his contract and title thereto, and he was the person entitled to the railroad tax upon the payment of the tax. Now if he has procured another to pay the tax, will not such payment, under the thirty-first section of the act entitled "An act to authorize the formation of railroad associations and to regulate the same," approved February 24, 1853, (Sess. Acts, 1853, p. 121,) enure to his benefit? If the plaintiff's action was for fraud or misrepresentation or mistake only, without regard to the contract between the parties relative to the payment of the taxes, then, if he recovered the sum paid, he would still be bound under his contract to repay the same. The plaintiff's situation would not be bettered by succeeding in this suit. We do not see what difference it makes in the case, that the law furnished the defendant with an easy way of paying the tax—if it may be called easy, when he had advanced every cent of the money for the stock which he received, That was his good fortune. It placed the plaintiff in no worse situation. It created no loss to him, and he has no cause to complain, as under the section of the act referred to

he could not have gone into the market and purchased stock with which he might pay his tax. Only such stock was available for that purpose as was in good faith subscribed by the tax payer using it. It does not appear that the plaintiff was a stockholder by a *bona fide* subscription; he then could only have paid this tax in money. The defendant has paid it for him. He has repaid the defendant, and now would recover it from him in order that he might by another suit be made to pay it again.

The other judges concurring, the judgment is reversed.